FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C. Atlanta

AUG 2 5 2009

JAMES N. HATTEN, Clerk
By _____ Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TYJUAN BOLDEN,<br>Inmate No. 99033351,<br>Plaintiff,<br><br>v.<br><br>GWINNETT COUNTY FELONY<br>PROBATION OFFICE and<br>RONNALD BURNETT,<br>Defendants. | : <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: | PRISONER HABEAS CORPUS<br>28 U.S.C. § 2254<br><br>CIVIL ACTION NO.<br>1:09-CV-2179-TWT |

## ORDER AND OPINION

TyJuan Bolden filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [1] and an Affidavit and Authorization for Withdrawal from Inmate Account [2]. For the purpose of dismissal only, Bolden is **GRANTED** leave to proceed *in forma pauperis*. As explained below, Bolden's complaint is actually a prematurely filed petition for writ of habeas corpus and must be dismissed.

In 2004, Bolden pled guilty to forgery. Bolden violated the terms of his release, and an "Order for Sentence to Resume - Resume Date: 06-11-2009 / Expiration Date: 11-24-2009" was entered. *See* http://www.gwinnettcourts.com/#casedetail/case:04%2db%2d00242%2d4 (last visited August 18, 2009). Bolden is now incarcerated in the Gwinnett County Detention Center.

AO 72A
(Rev.8/82)

Bolden alleges that: his "sentence[] ended January 29, 2009" [1 at 5]; his "probation is over" [1 at 2]; his probation officer "Ronnald Burrnett [sic] is trying to give me more time to serve" [1 at 2]; and his original sentence has been improperly extended [1 at 8]. Although he makes no specific request for relief, it appears that Bolden seeks release from prison.

Challenges to "the fact or duration of confinement [that] seek[] immediate or speedier release" must be brought in habeas corpus proceedings, "even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).[1] Indeed, Bolden recently filed "the papers for habeas corpus" in state court [1 at 5-6]. Bolden complains that he has not "heard from the clerk of court" [1 at 6].

Before Bolden may seek a writ of habeas corpus in federal court, he must first exhaust the remedies available in Georgia courts. 28 U.S.C. §§ 2254(b)-(c); *see also Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir. 1973).[2] Bolden plainly has not yet done so. Bolden's federal habeas petition [1] is **DISMISSED** as

---

[1] The Clerk is **DIRECTED** to recategorize Bolden's complaint as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

premature.³ Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS SO ORDERED**, this **25** day of *august*, 2009.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

---

³ This dismissal is without prejudice. For purposes of 28 U.S.C. § 2244(b), which limits "second or successive" habeas petitions, this case shall not be counted. *See Castro v. United States*, 540 U.S. 375, 383 (2003) (complaint dismissed after district court's *sua sponte* recharacterization as a § 2255 motion not counted as a "first" § 2255 motion if movant not "warned" and offered an opportunity to withdraw his motion) and *Martin v. Overton*, 391 F.3d 710 (6th Cir. 2004) (extending *Castro* to § 2254 cases).

AO 72A
(Rev.8/82)